1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

Case No.  15cr3031-GPC

11               Plaintiff,

PRELIMINARY ORDER OF
CRIMINAL FORFEITURE

12         v.

13   JAVIER QUINTERO,

14               Defendant.

15

16         WHEREAS, in the Plea Agreement in the above-captioned case, the parties
17   agreed to forfeiture to the United States of all property of the above-named
18   Defendant, JAVIER QUINTERO ("Defendant"), that constituted visual depictions as
19   described in § 2252, all property constituting proceeds of the offense, and all property
20   used or intended to be used to commit or to promote the commission of the offense
21   set forth in the Information which charged a violation of 18 U.S.C. § 2252(a)(4)(B),
22   and forfeitable pursuant to 18 U.S.C. § 2253, as charged in the Information; and

23         WHEREAS, on or about July 21, 2016, Defendant pled guilty before
24   Magistrate Judge Barbara Lynn Major to the Information, which plea included
25   consent to the forfeiture of all property seized in connection with the case, including
26   forfeiture of all visual depictions as described in § 2252, all property constituting
27   proceeds of the offense, and all property used or intended to be used to commit or to
28   promote the commission, including forfeiture of the following:

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant is pleading guilty, including:

    1. One Toshiba Satellite Laptop Computer (designated in reports as SYS01); and

    2. One eMachine Desktop Computer (designated in reports as SYS02); and

WHEREAS, on August 9, 2016 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense and the Court hereby orders the forfeiture to the United States of the described forfeited properties pursuant to Title 18, United States Code, Section 2253; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant JAVIER QUINTERO in the following properties are hereby //

forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant is pleading guilty, including:

1. One Toshiba Satellite Laptop Computer (designated in reports as SYS01); and

2. One eMachine Desktop Computer (designated in reports as SYS02).

2.     The aforementioned forfeited assets are to be held by United States Homeland Security Investigations in its secure custody and control.

3.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition.  The Court may enter an amended order without further notice to the parties.

4.     Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a  legal interest  in  the above-listed forfeited properties  must file a petition

//

with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.     The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.     Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

Dated:  November 28, 2016

Hon. Gonzalo P. Curiel
United States District Judge